# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GWENDOLYN BUTLER,**
**Claimant below, Petitioner**

**vs.)**    **No. 22-ICA-134**    (BOR Appeal No. 2013018269)
(JCN: 2012018230)

**D & D QUALITY CARE, INC.,**
**Employer below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gwendolyn Butler ("Ms. Butler") appeals the September 8, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent D & D Quality Care, Inc. ("D&D") filed a timely response.[1] Petitioner did not file a reply.

The issue on appeal is whether the Board erred in affirming the claim administrator's decision authorizing an additional 22% permanent partial disability ("PPD") award, totaling 30% cumulative award when considered with Ms. Butler's previous 8% PPD award. Victor J. Thomas, M.D., opined that Ms. Butler had a 30% whole person impairment. The Board found the report of Dr. Thomas reliable. Ms. Butler now appeals the Board's order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's September 8, 2022, order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Butler was a nurse's aide with D&D when she sustained an injury to her left ankle in December of 2012 while assisting a patient into a chair. Thereafter, she filed a workers' compensation claim related to her injuries. Initially, the claim administrator held the claim compensable for sprain of ankle; contusion of ankle; and strike against/struck other stationary object without fall. During the course of her treatment for the injuries sustained in the 2012 incident, Ms. Butler has undergone eight surgical procedures on her affected ankle/foot. The claim administrator issued a notice of secondary conditions on December 8, 2014, and approved the following conditions: non-healing surgical wound; ulcer of heel and midfoot; sprain of ankle; contusion of ankle; and strike against/struck other stationary object without a fall.

---

[1] Petitioner is represented by M. Jane Glauser, Esq. Respondent is represented by Kristy L. Eiter, Esq.

1

Victoria Langa, M.D., conducted an independent medical examination ("IME") of Ms. Butler on October 12, 2015, using the American Medical Association's *Guides* to the Evaluation of Permanent Impairment (4th ed. 1993) ("AMA *Guides*"), and found an 8% whole person impairment related to the 2012 incident. By order dated December 7, 2015, the claim administrator granted Ms. Butler an award of 8% PPD. Ms. Butler protested. By order dated July 6, 2016, the Office of Judges granted Ms. Butler's motion to remand for a new IME after Ms. Butler was determined to be at maximum medical improvement ("MMI") following an additional surgery.

On August 15, 2016, the claim administrator approved the following conditions in the claim: non-healing surgical wound; ulcer of heel and midfoot; sprain of ankle; idiopathic aseptic necrosis of left ankle; secondary osteoarthritis left ankle and foot; and contusion of ankle. Another order was issued January 24, 2017, again updating the approved compensable conditions as follows: non-healing surgical wound; ulcer of heel and midfoot; sprain of ankle; other intraoperative postprocedural complications and disorders of the musculoskeletal system; other instability left ankle; contusion of ankle; idiopathic aseptic necrosis of left ankle; other chronic osteomyelitis left ankle and foot; secondary osteoarthritis left ankle and foot; and valgus deformity NEC left ankle. Ms. Butler underwent another surgery on December 18, 2017.

Post-surgery, Ms. Butler was evaluated by Dr. Thomas for an IME and in his June 30, 2018, report, Dr. Thomas opined that Ms. Butler had not yet reached MMI after the December 2017 surgery. Dr. Thomas evaluated her again and in his report of February 8, 2019, Dr. Thomas again opined that Ms. Butler had not reached MMI. Finally, in his December 22, 2020, IME report, Dr. Thomas determined that Ms. Butler, who by that time had undergone seven ankle surgeries, had reached MMI. He used the AMA *Guides* category of gait derangement to determine Ms. Butler's impairment. From Table 36, her impairment was moderate, Level F, which is described as requiring the routine use of a cane and leg brace. According to his assessment, Ms. Butler had a 30% whole person impairment for the December 8, 2012, injury.

Ms. Butler submitted the medical records from her treating physician, Vincent J. Sammarco, M.D., from treatment dates February 7, 2020, to October 26, 2021, including his most recent operative report and his request for additional consultations and services due to her functional limitations. Dr. Sammarco's October 26, 2021, office visit record noted that Ms. Butler had undergone another ankle surgery on February 6, 2020, and that she was in constant pain. After multiple failed attempts to salvage her limb, he equated her functionality to that of an amputee. Dr. Sammarco requested a motorized wheelchair for Ms. Butler as he believed using the manual wheelchair and crow boot[2] was becoming too

---

[2] A crow boot is a special orthopedic boot combining an ankle and foot orthotic and a custom boot to aid in the treatment of Charcot deformity, a progressive degeneration of a weight-bearing joint where the bone breaks down and the foot becomes deformed.

difficult for her, based on her age, disability, and chronic pain. Dr. Sammarco also requested a physical medicine and rehabilitation consultation for Ms. Butler to get an accurate disability rating and a consultation with an occupational therapist to identify devices which might make her home more adaptive to her increasingly limited functionality.

Dr. Thomas wrote a supplemental IME report dated May 31, 2022, and noted that Ms. Butler did not mention to him the additional ankle surgery of February 6, 2020. From the records he reviewed, he observed that Dr. Sammarco performed a revision pantalar fusion for a nonunion or pseudoarthrosis of the previous fusion and applied an external fixator which was then removed on May 18, 2020. According to Dr. Sammarco's notes, on October 26, 2021, Ms. Butler continued to have a nonunion of the previously attempted fusion of the left ankle. Although Dr. Thomas was not initially aware of the 2020 surgery, he stated that because that surgery failed, Ms. Butler was in the same condition on December 21, 2020, as when he saw her on February 6, 2019. Furthermore, Dr. Sammarco's notes indicated she was in the same condition again on October 26, 2021. Due to her condition being unchanged, Dr. Thomas opined that the impairment rating he provided in his December 22, 2020, report continued to be accurate and unchanged at 30% whole person partial impairment with no apportionment for any preexisting or coexisting condition. Based upon the reports of Dr. Thomas, the claim administrator awarded an additional 22% PPD award on top of the 8% initial PPD award, totaling a 30% PPD award. The Board affirmed this award, finding that Dr. Thomas' report was credible and reliable. Ms. Butler now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)　　In violation of statutory provisions;
> (2)　　In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)　　Made upon unlawful procedures;
> (4)　　Affected by other error of law;
> (5)　　Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)　　Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, _____, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Ms. Butler argues that the Board erred in affirming the claim administrator's award of an additional 22% PPD award. According to Ms. Butler, the Board failed to consider all of the evidentiary record, including opinions of treating surgeon, Dr. Sammarco, that included substantial changes in Ms. Butler's condition after Dr. Thomas' IME of her in December of 2020. Further, Ms. Butler contends that the Board failed to properly analyze the conflicting opinions by various examiners and erred in failing to remand the claim for further evidentiary development and clarification as to Dr. Thomas' opinion of a 30% PPD award, and whether such award includes the previous 8% PPD award. Ms. Butler asserts that the PPD award should be in excess of 30%.

After a review of the record below, we find no error. The Board was not clearly wrong in determining that the reliable medical evidence presented supports the PPD award of 30%, comprehensively. The Board specifically noted that Ms. Butler's previous PPD award of 8% was not vacated prior to the additional 22% award, totaling 30%. Dr. Thomas evaluated Ms. Butler numerous times, and his opinion was determined to be reliable and credible based on his testimony and supplemental report indicating that Ms. Butler's condition remained unchanged after her failed 2020 surgery. There was no evidence in the record to support a PPD award greater than 30%. Dr. Thomas' report was determined to be most favorable to Ms. Butler, and a remand for further evaluation would be fruitless as Ms. Butler's condition remains unchanged.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, dissents and would remand for another IME to ascertain current functional limitations, and for clarification and factual development to be provided in a detailed order.